# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1655
Filed July 8, 2026

———————————

**Daniel Maurice Claybon,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Linda M. Fangman, Judge.

———————————

**AFFIRMED**

———————————

Sonia Elossais of Carr Law Firm, P.L.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., Langholz, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

In 1990, a jury convicted Daniel Maurice Claybon of first-degree murder in the shooting death of J.W. A panel of our court affirmed his conviction on direct appeal. *See State v. Claybon*, No. 90-1605, 1992 WL 198231, at *1 (Iowa Ct. App. Feb. 25, 1992). In the years after that, Claybon filed five postconviction-relief (PCR) applications; all were denied by the district court and affirmed on appeal.[1]

In 2019, Claybon filed his sixth PCR application. It is undisputed that Claybon filed this application beyond the three-year statute of limitations for PCR actions. *See* Iowa Code § 822.3 (2019). To avoid the statutory time-bar, Claybon alleged there was newly discovered evidence that constituted "a ground of fact . . . that could not have been raised within the [three-year] time period." *See id.* Specifically, Claybon alleged that two witnesses who testified at trial—M.H. and T.G.—had recently recanted their prior testimony. To support this argument, Claybon submitted an affidavit from M.H. and unsworn interview notes from a private investigator's phone call with T.G.

The State filed a motion for summary disposition, arguing that Claybon's evidence did not meet the elements of a newly discovered evidence claim and therefore did not satisfy the ground-of-fact exception to the statute of limitations. Claybon resisted. After a hearing, the district court granted the State's motion in a detailed, five-page ruling. Claybon appeals.

---

[1] *See Claybon v. State*, No. 12-1396, 2014 WL 1999057, at *1–2 (Iowa Ct. App. May 14, 2014) (explaining procedural history of first and second PCR applications and affirming dismissal of third PCR application); *Claybon v. State*, No. 15-0817, 2016 WL 3282228, at *2 (Iowa Ct. App. June 15, 2016) (affirming dismissal of fourth PCR application); *Claybon v. State*, No. 18-0695, 2020 WL 1879630, at *1 (Iowa Ct. App. Apr. 15, 2020) (affirming denial of fifth PCR application).

On our review,[2] we agree with the district court that the private investigator's notes about T.G.'s unsworn statements were "not reliable enough to warrant more consideration." *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (discussing what the court may consider during summary-disposition proceedings). We also agree with the district court that Claybon failed to show that M.H.'s affidavit met the elements of a newly discovered evidence claim and therefore did not qualify for the ground-of-fact exception to the statute of limitations. *See Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018) (discussing required showing for newly discovered evidence claim).

The district court properly concluded that Claybon's claims were barred by the statute of limitations in section 822.3. Because a full opinion would not give the parties a better analysis than they have already received from the district court ruling, and because a full opinion would not develop or clarify the law, we elect to affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(a), (d)–(e).

**AFFIRMED.**

---

[2] Our review is for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).